IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KRISTY RAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 16-CV-7228 |
| v. | ) |
| | ) |
| THE UNIVERSITY OF CHICAGO, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Dr. Kristy Rawson ("Rawson"), by and through the undersigned attorneys, as and for her Complaint in this action against defendant The University of Chicago (the "University"), alleges as follows:

### Nature Of This Action

1. Rawson brings this action against the University alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2601 *et seq.* The University is a covered employer and Rawson was an eligible employee under the FMLA at all times relevant to this Complaint. The University interfered with and restrained Rawson's exercise of her FMLA rights, and terminated Rawson's employment for exercising her FMLA rights. Rawson seeks a permanent injunction against the University, reinstatement, lost wages, lost benefits, out of pocket expenses, liquidated damages, costs, attorney's fees, and any and all other such relief the Court may deem appropriate.

### The Parties, Jurisdiction and Venue

2. Dr. Kristy Rawson is an adult resident of the State of Illinois with a residence located at 5529 S. Dorchester #1, Chicago, Illinois 60637.

3. The University is a corporation organized under the laws of the State of Illinois with a principal place of business and registered agent located at 5801 South Ellis Ave., Chicago, Illinois 60637.

4. This Court has original federal jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq*.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims alleged in this action occurred in this district, and the University has substantial and systematic contacts in this district.

## Statement of Facts

6. Rawson began her employment with the University on or about December 1, 2014 in the capacity of Assistant Director, Graduate Career Development.

7. On November 9, 2015, Rawson's husband passed away after battling cancer.

8. On December 16, 2015, Rawson initiated paperwork related to obtaining leave under the FMLA.

9. On February 3, 2016, Rawson's request for intermittent leave under the FMLA was granted. Rawson was approved for intermittent FMLA leave beginning on November 9, 2015 and ending on May 9, 2016.

10. Rawson first availed herself of intermittent leave on February 29, 2016. While away from work on approved intermittent FMLA leave, Rawson received an email from the University demanding that she meet with her supervisor, A-J Aronstein ("Aronstein"), and Executive Director, Brooke Noonan ("Noonan"), the following day, March 1, 2016. Rawson requested that a representative from the human resources department be present for the meeting.

11. Rawson met with Aronstein, Noonan, and human resources representative Catherin Harling ("Harling") on March 1, 2016. During this meeting, Noonan informed Ms. Rawson that "now that she was working full-time" Rawson would be required to meet the same standard of performance as her career team colleagues. Rawson reminded Noonan that, while she had been working full-time, she had been approved for intermittent FMLA leave and would need to exercise that leave going forward. Noonan stated that she was not aware of what FMLA or intermittent leave meant.

12. Rawson met with Aronstein on March 9, 2016 and informed him that she would be taking intermittent FMLA leave up to one day per week, and that she would not be able to complete the full load of student meeting (i.e. 10-12 meetings per week) in four (4) days of work per week. Aronstein stated that Rawson must maintain the full load of student meeting regardless of her intermittent FMLA leave.

13. On March 15, 2016, Rawson informed Camesha Richardson (Benefits Analyst, Leave Programs) that she was concerned the University was interfering with her FMLA rights by requiring her to maintain a full load of student meetings each week while availing herself of intermittent FMLA leave.

14. On March 15, 2016, Rawson sent an email to Aronstein informing him that she would be taking one day off per week as intermittent FMLA leave.

15. On March 23, 2016, Rawson met with Aronstein and Noonan wherein Noonan presented Rawson with two options: (i) resign and receive a separation agreement, or (ii) continue to work for the University, have her performance monitored, and potentially face termination without the opportunity to resign. Rawson then was directed to go home for the rest of the day to

"think about it." Rawson sent the University an email confirming that she had gone home as instructed, and had not resigned.

16. On March 31, 2016, the University presented Rawson with a proposed separation agreement, and was told that she either accept the separation agreement and resign or be terminated. Regardless of which option she chose, the University stated that her termination date would be April 4, 2016.

17. Prior to the March 31, 2016 ultimatum, Rawson had requested and been approved to be on intermittent FMLA leave on April 4, 2016.

18. Rawson declined to resign with the separation agreement and was therefore terminated by the University as of April 4, 2016.

## Claims For Relief

**(FMLA Interference and Retaliation in Violation of 29 U.S.C. § 2615(a)(1) and (2))**

19. Rawson re-alleges and incorporates by reference all previous paragraphs as if fully set forth herein.

20. Rawson is an eligible employee under the FMLA, as she had worked for the University for over one year, was employed for at least 1,250 hours of service, and the University employed more than fifty (50) employees.

21. Rawson qualified for intermittent leave under the FMLA.

22. The University was aware of Rawson's leave under the FMLA.

23. The University interfered with and restrained Rawson's use of FMLA leave by engaging in conduct including, but not limited to, (i) unlawfully requiring Rawson to complete a full load of student meetings despite her lawful use of intermittent leave under the FMLA; (ii) unlawfully subjected Rawson to various forms of harassment based upon her use of intermittent

4

leave under the FMLA; (iii) unlawfully sending Rawson home on March 23, 2016; (iv) unlawfully subjecting Rawson to unwarranted increased scrutiny of her performance; (v) unlawfully terminating Rawson's employment based upon her use of intermittent leave under the FMLA.

24. As a result, the University violated 29 U.S.C. § 2615(a)(1) and 29 U.S.C. § 825.220(1).

25. The University terminated Rawson's employment because she had applied for and used intermittent leave under the FMLA. As such, the University violated 29 U.S.C. 2615(a)(1) and (2), and 29 U.S.C. § 825.220(1).

26. The University terminated Rawson's employment because she complained to the University that it was interfering with and/or restraining her use of intermittent leave under the FMLA. As such, the University violated 29 U.S.C. § 2615(a)(2).

27. As a result of the aforementioned willful violations of the FMLA, Rawson is entitled to reinstatement, payment of lost wages and benefits, and an additional, equal amount as liquidated damages in accordance with 29 U.S.C. § 2617(a)(1).

28. Pursuant to 29 U.S.C. § 2617(a)(3), Rawson is entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting this FMLA action.

### **Prayer For Relief**

A. Grant a permanent injunction against the University and its officers, assigns and all persons in active concert or participation with them, from engaging in any employment practice which interferes with or restrains the use of FMLA, or retaliates against any person for availing him/herself of the rights guaranteed by the FMLA.

B. Order the University to institute and carry out policies, practices and programs which provide equal employment opportunities for persons and which eradicate the effects of its past and present unlawful employment practices.

C. Order the University to make whole Plaintiff by reinstating Plaintiff in her previous position, with seniority, at the same pay grade she would be receiving had not the University engaged in unlawful employment practices.

D. Order the University to make whole Plaintiff by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order the University to make whole Plaintiff by providing liquidated damages in an amount equal to, and in addition to, the amount of back pay owed to her.

F. Order the University to pay the attorneys' fees and costs that have been expended in having to successfully prosecute this action.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all questions of fact raised by this complaint.

Dated this 14th Cook   day of July, 2016.

                                        Respectfully submitted,

                                        **KRISTY RAWSON**

                                        By: s/Shannon D. McDonald
                                                One of her Attorneys

Shannon D. McDonald, Esq.
**MCDONALD & KLOTH, LLC**
115 S. LaSalle Street
Suite 2600
Chicago, IL 60603
Phone: 312-626-1881
Fax: 312-648-6202
sdm@themklaw.com